Case 4:19-cv-04703   Document 1-3   Filed on 12/03/19 in TXSD   Page 1 of 16

11/1/2019 8:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38142761
By: Joshua Carroll
Filed: 11/1/2019 8:09 AM

CAUSE NO. _____

| | | |
|---|---|---|
| GREATLAND RESIDENTIAL, INC., | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| HAMILTON SPECIALTY INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | _____ DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Greatland Residential, Inc., ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Hamilton Specialty Insurance Company ("Hamilton") ("Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiff, Greatland Residential, Inc., resides in Harris County, Texas.

3. Defendant, Hamilton Specialty Insurance Company, is a foreign insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Hamilton Specialty Insurance Company through its registered agent for service: **c/o Corporate Secretary, Hamilton Specialty Insurance Company, 1209 Orange Street, Wilmington, Delaware 19801**. Plaintiff requests service at this time.

## JURISDICTION

4. The Court has jurisdiction over Hamilton because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Hamilton's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts claims for breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, common law bad faith, and violations of the Texas DTPA.

7. Plaintiff owns a Hamilton Specialty Insurance Company commercial insurance policy, number AAHS1000008937 ("the Policy"). At all relevant times, Plaintiff owned the insured premises, Aftonshire Apartments, located at **4751 Aftonshire Drive, #10 Houston, Texas 77027** ("the Property").

8. Hamilton or its agent sold the Policy, insuring the Property, to Plaintiff. Hamilton or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's Property. Hamilton has refused the full extent of that coverage currently owed to Plaintiff.

9. On or about August 26, 2017, the Property sustained extensive damage resulting from a severe storm that passed through the Houston/ Harris County, Texas area.

2

10. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Hamilton against the Policy for damage to the Property. Hamilton assigned claim number BAWT-0621A9 to Plaintiff's claim.

11. Plaintiff asked Hamilton to cover the cost of damage to the Property pursuant to the Policy.

12. Hamilton hired or assigned its agent, Murray to inspect and adjust the claim. Murray conducted an inspection on or about October 20, 2017. Murray's findings were that the claim was not covered due to wear and tear. Plaintiff was left without adequate funds to make repairs on the entirety of their claim.

13. Hamilton and Murray conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

14. Hamilton and Murray have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. The third-party inspector hired to review the damage to the Property found damage to both modified bitumen roofs. In addition, the third-party inspector found damage to exhaust cap, flashing, drip edge, gutter apron, and HVAC system that were completely absent from Murray's estimate. The storm extensive and obvious windstorm and hail damage including, but not limited to, the roofs, vents, flashings, drip edge, gutters, and HVAC system.

15. The damage to Plaintiff's Property is currently estimated at $192,353.97.

16. Murray had a vested interest in undervaluing the claims assigned to her by Hamilton in order to maintain his employment. The disparity in the number of damaged items in his

3

report compared to that of the third-party inspector's as well as the difference in valuation is evidence of bad faith on the part of Murray.

17. Furthermore, Murray was aware of Plaintiff's $2,500.00 policy deductible prior to inspecting the Property. Murray had advanced knowledge of the damages she needed to document in order to be able to deny the claim.

18. Murray misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Murray made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

19. After reviewing Plaintiff's Policy, Murray misrepresented that the damage was caused by non-covered perils. Murray used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

20. As stated above, Hamilton and Murray improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Hamilton and Murray misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

21. Hamilton and Murray made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Hamilton and Murray made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by.

22. Plaintiff relied on Hamilton and Murray's misrepresentations, including but not limited to

Certified Document Number: 87887056 - Page 4 of 15

those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

23. Upon receipt of the inspection and estimate reports from Murray, Hamilton failed to assess the claim thoroughly. Based upon Murray's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Hamilton failed to provide coverage due under the Policy, and Plaintiff suffered damages.

24. Because Hamilton and Murray failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

25. Furthermore, Hamilton and Murray failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Murray performed an unreasonable and substandard inspection that allowed Hamilton to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

26. Hamilton's and Murray's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

27. Hamilton's and Murray's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Hamilton and Murray

have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Hamilton and Murray have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

28. Hamilton and Murray's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Hamilton and Murray failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

29. Additionally, after Hamilton received statutory demand on or about August 30, 2019, Hamilton has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

30. Hamilton's and Murray's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Murray performed a biased and intentionally substandard inspection designed to allow Hamilton to refuse to provide full coverage to Plaintiff under the Policy.

31. Specifically, Hamilton's and Murray's performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

32. Hamilton's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Murray's subpar inspection, Hamilton failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily

6

mandated time after receiving all necessary information.

33. Hamilton's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Murray's intentional undervaluation of Plaintiff's claims, Hamilton failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Murray's understatement of the damage to the Property caused Hamilton to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

34. Hamilton and Murray's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT HAMILTON SPECIALTY INSURANCE COMPANY

35. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

36. Hamilton is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Hamilton and Plaintiff.

37. Hamilton's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

7

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

38. Hamilton's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

39. Hamilton's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

40. Hamilton's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

41. Hamilton's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

42. Hamilton's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

43. Hamilton's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Certified Document Number: 87887056 - Page 8 of 15

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44. Hamilton's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

45. Hamilton's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

46. Hamilton's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. Hamilton's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

48. Hamilton's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Hamilton knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49. Hamilton's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Hamilton pursuant to the DTPA. Plaintiff has met all conditions

Certified Document Number: 87887056 - Page 9 of 15

precedent to bringing this cause of action against Hamilton. Specifically, Hamilton's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Hamilton has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Hamilton's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Hamilton represented to Plaintiff that the Policy and Hamilton's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Hamilton also represented to Plaintiff that the Policy and Hamilton's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Furthermore, Hamilton advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Hamilton breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Hamilton's actions are unconscionable in that Hamilton took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

10

Certified Document Number: 87887056 - Page 10 of 15

        Hamilton's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

   G.    Hamilton's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Hamilton is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

51. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

52. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

53. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

11

Certified Document Number: 87887056 - Page 11 of 15

54. Plaintiff currently estimates that actual damages to the Property under the Policy are $192,353.97.

55. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

56. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

57. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amounts owed, exemplary damages, and damages for emotional distress.

60. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

61. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

62. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

13

Certified Document Number: 87887056 - Page 13 of 15

## REQUESTS FOR DISCLOSURE

63. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

64. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff, Greatland Residential, Inc. prays that Defendants, Hamilton Specialty Insurance Company, be cited and served to appear and that upon trial hereof, Plaintiff, Greatland Residential, Inc., has and recovers from Defendant, Hamilton Specialty Insurance Company, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Greatland Residential, Inc., may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*
Chad T. Wilson

Certified Document Number: 87887056 - Page 14 of 15

        Bar No. 24079587
        Patrick C. McGinnis
        Bar No. 13631900
        455 E Medical Center Blvd, Ste 555
        Webster, Texas 77598
        Telephone: (832) 415-1432
        Facsimile: (281) 940-2137
        eService to:
        eservice@cwilsonlaw.com
        cwilson@cwilsonlaw.com
        pmcginnis@cwilsonlaw.com

        ATTORNEYS FOR PLAINTIFF



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 3, 2019

Certified Document Number:        87887056 Total Pages:  15

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**